Mr. Justice Merrick
delivered the opinion of the Court:
In this case there was a petition for a writ of certiorari to a justice of the peace to require him to send, up the proceedings in a landlord and tenant case. - The original application to the justice was made and the warrant was issued on the 31st of July, 1886. Judgment for possession was rendered August 14,1886, and a writ of restitution was issued on the 27th of November, 1886, and the petition for the writ of certiorari was filed on the 19th day of December, 1887. The petition set forth, as its ground of complaint, that the written complaint under oath was not made to or before the said justice of the peace, as is required by law, and that the applicant for the writ did not appear before the said justice to make such application, but made an affidavit before a notary public in the State of New York, and that upon said affidavit the justice assumed to act and caused the summons to issue, and proceeded with the case to judgment.
The second ground of objection is that the relation of landlord and tenant did not exist 'between the applicant for the writ and the petitioner.
The Court does not think that a, hypercritical construction should be given to the statute. We think that it is abundantly sufficient if the complaint under oath be presented to the justice and acted upon, but that the oath itself need not be made before the justice who issued the writ. There is nothing in the policy of the law, there is no good so far as the Court can see, to be accomplished by such a strict construction of the rule as to require that an affidavit, which is the foundation of the proceeding, shall be made in proper person before the identical justice who issues the *594 summons. All the purposes of the law are gratified by having the complaint avouched by a sworn statement of the grievance of which the party complains, and this is as good and efficacious and as completely competent to accomplish the object of repressing vexatious litigation, if the oath is made before and duly certified by any officer competent to administer an oath, as if made before the identical justice. That ground of objection, therefore, the Court thinks, is entirely untenable. The oath may be as well made before a party competent to make the oath in one place as in another, and the justice could as well conduct the proceedings thereupon in due order as if the oath had been made before himself.
It is objected, in the second place, that the relations of landlord and tenant did not exist between the two parties.
The petition before the justice sets forth the relation of landlord and tenant, and that the justice assumed jurisdiction and acted upon the case as made. Now, what may have occurred in proof we do not and cannot know upon the application for a certiorari.
We are to judge as to the question of jurisdiction by the case as made upon the record itself. In other words, in all cases where there is an objection made on the ground of jurisdiction, we must, as the Supreme Court has said, test it by inquiring whether a demurrer would lie to the proceedings as stated in the papers upon the record. In this case the averments on the record — that is to say, the complaint, which is the only record in the case — are that the complainant represents that he is entitled to the possession of certain tenements, describing them, and that “they are detained and withheld from him without right by the defendant, tenant thereof by sufference of this complainant, and whose tenancy and estate therein has been determined by the service of a due notice to quit, of thirty days, in writing.”
We are of opinion that these averments constitute fully a statement of the relation of landlord and tenant between *595 the parties. Now, whether the proof came up to these averments or not, cannot be inquired into upon a writ of certiorari. Certiorari goes only to the jurisdiction. It does not go to any errors of judgment that may have been committed by the justice in the progress of the exercise of that jurisdiction. In other words, it does not fulfill the function of an appeal for erroneous judgment upon facts as applied to the jurisdictional question, and we cannot inquire upon a writ of certiorari issued twelve months after the writ of restitution had been issued, whether or not there was sufficient evidence before the justice to authorize him to pass judgment in a case where all the jurisdictional facts were fully gratified upon the record.

For these reasons the decision of the Circuit quashing the writ of certiorari is affirmed.